UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARILYN SHAPIRO,

                     Plaintiff,                      **AMENDED ORDER**
                                                            CV 03-0280 (WDW)

  -against-

THE CITY OF GLEN COVE, ANTHONY MAURINO,
DANIEL RUSSELL, ROBERT GRELLA,
JOHN McDOUGAL, FRANK LOVIGLIO,
GLENN SHUTT and CAROL WEISS,
 also known as CAROL HORVATH,
                             Defendants.
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the undersigned is an application for attorney's fees by the defendant, Carol Weiss Horvath ("Horvath"[1]). Such fees were granted in the order dated May 5, 2005, and were limited to those fees associated with the section 1983 claims against defendant Horvath. The amount of fees and costs sought - $22,323.25 – is opposed by the plaintiff, Marilyn Shapiro, on several grounds. For the reasons set forth herein, the court awards $15,398 in attorney's fees and $931 in costs, for a total award of **$16,329**.

## DISCUSSION

      The legal basis underlying the award was set forth in the earlier order of the court and need not be repeated in detail here. As a threshold matter the court does note, however, the plaintiff's argument that the Second Circuit has cautioned that even though a complaint is meritless, an award of attorney's fees is not necessarily mandated. Pl's Mem. in Opp. at 10; Liotti Aff. in Opp. at ¶10. The undersigned is aware of that teaching, and notes that although the

---

[1] Counsel for the defendant refers to her as Dr. Weiss. She was, however, referred to as Horvath in the earlier order of the court, and the court will continue to refer to her by that name to avoid confusion.

entire action was found to be meritless, attorney's fees were awarded only to the individual defendant, and only for the Section 1983 claims against her, which were not only without merit but frivolous.

**The Lodestar Calculation:**

In this Circuit, attorney's fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. *See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. *Id.* at 1147-48.

**1.) Reasonable hours spent:**

The plaintiff challenges the number of hours for which reimbursement is sought on the ground that Horvath has not made any effort to distinguish between time spent on the Section 1983 claim, the only claim for which fees were awarded, and the other issues, that is, the trespass claim and a declaratory judgment action against Horvath's insurer, State Farm. Pl's Mem. in Opp. at 2-5. Horvath takes the position that the state trespass and civil rights claims were based on the same set of facts and were inextricably linked so as to make differentiation of time spent impossible. *See* Wurtzel Reply Aff. at ¶8 (citing *Munson v. Milwaukee Bd. of Sch. Dirs.,* 969 F.2d 266 (7th Cir. 1992) & *Green v. Torres,* 361 F.3d 96 (2d Cir. 2004)). Time spent on the

declaratory judgment action is, of course, not compensable and no claim is being made for that time. Wurtzel Aff. at ¶12.

"Although full fees may be awarded to a partially prevailing [party] when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case," and to adjust the award accordingly. *Green,* 361 F.3d at 99. Here, although the court recognizes that the facts underlying both the state and federal claims are intertwined, and that Horvath was not partially prevailing but was successful on both claims, there must be some recognition of the fact that fees have been awarded only on the Section 1983 claim. The state law trespass claim, while unsuccessful, was not frivolous, while the Section 1983 state action claim against Horvath was.

The plaintiff sets forth a list of hours and costs that should not be compensated, because they relate to the trespass claim only. *See* Pls. Mem. in Opp. at 4. Horvath states that she is not making a claim for those services, and that the time she is seeking is the handwritten total of hours on the relevant time records, not the total number of hours set forth in the typed text of the time record. Wurtzel Reply Aff. at ¶11. To the extent that the handwritten hours still contain some work on the trespass claim, as they inevitably must, the court finds that a 25% reduction is a fair result, both for the differentiation that must be made and for the inevitable overlap and excess of efforts that occur in litigation. *See Carey,* 711 F.2d at 1146 (noting that courts have "endorsed percentage cuts as a practical means of trimming fat from a fee application"); *M.L. v. Board of Ed.*, 2003 U.S. Dist. LEXIS 3473, at *13-14 (reducing total award by ten percent); *Envirosource, Inc. v. Horsehead Resource Dev. Co.,* 981 F. Supp. 876, 884 (S.D.N.Y. 1998) (reducing total number of hours by 25%); *see also Lunday v. City of Albany,* 42 F.3d 131, 134

(2d Cir. 1994) (district court not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items") (*per curiam*).

**2. Reasonableness of Hourly Rates:**

Horvath states in her papers that she was billed at an hourly rate of $70[2], pursuant to a Legal Services Plan of which she was a member. *See* Wurtzel Aff. in Supp. at ¶5; Wurtzel Reply Aff. at ¶2. Her attorney, Elan Wurtzel, reports that his usual hourly rate is $275. Wurtzel Aff. at ¶6, Ex. B. Horvath's Retainer Agreement with Wurtzel contained a provision that contemplated the possibility of an award of attorney's fees and stated that if such an award were made and collected, "the fees obtained (if any) will be credited to your account at the normal billing rate of $275.00 per hour, and not at the reduced hourly rate as provided for in the other parts of this agreement." Wurtzel Aff. at ¶6, Ex. B. Based on this provision, Mr. Wurtzel seeks an award based on the number of hours that the court finds to be reasonable, multiplied not by $70 per hour, but $275. The plaintiff opposes that approach, arguing that it would be a windfall award. The court does not agree.

Pursuant to 42 U.S.C. §1988, the court may allow the prevailing party "a reasonable attorney's fee as part of the costs." The Supreme Court has "said repeatedly that '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) (quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). Courts may then adjust the lodestar calculation by other factors, including any agreement between the party and

---

[2]The Affirmation in Support of Elan Wurtzel, Horvath's counsel, stated an hourly billing rate of $95. That figure was corrected in Mr. Wurtzel's Reply Affirmation as being $70 per hour.

her attorney, but the court is not bound by such an agreement. *See id.* (finding that section 1988 attorney's fee is not limited to amount provided in prevailing party's contingent-fee arrangement with counsel). Thus, the question here is not whether the court must multiply the reasonable hours by $70, but whether $275 is a reasonable hourly rate, given all the circumstances. *See Betancourt v. Giuliani*, 325 F. Supp. 2d 330, 333 (S.D.N.Y. 2004) (court must take a close look at what constitutes "reasonable rate" where attorney did not actually charge that rate to client).

The defendant asks the court to use a rate of $275 for Elan Wurtzel and $125 for Jomarie Licata. Mr Wurtzel was admitted to the bar in 1984, Ms. Licata in 2002. The court finds these fees to be reasonable, based both on the cases cited by the defendant and on the undersigned's familiarity with fees in this District for comparable work. Thus, the fees sought, 56 hours for Mr. Wurtzel at $275 per hour ($15,400), plus 32.25 hours for Ms. Licata at $125 per hour ($4,031.25), which totals $19,431.25, reduced by the 25% stated *supra*, results in a total of $14,573.44, rounded down to $14,573 in attorney's fees. The defendant also seeks reimbursement for four hours of preparation of the fee application, and an anticipated two additional hours for the reply papers. The court will allow three hours total, without the 25% reduction, for an additional 3 hours x $275, or $825. The total attorney's fee award is thus $14,573 + $825: **$15,398.** The defendant also seeks disbursements totaling $1,242 for deposition reporting services, and those costs will be allowed, with the 25% reduction, for a total of $931.50, rounded down to **$931.**

Dated: Central Islip, New York
       June 15, 2005

**SO ORDERED:**

  s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge